UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL UTAH,<br><br>        Plaintiff,<br><br>   -against-<br><br>STATE POLICE OF NEW YORK; LONG ISLAND LAW ENFORCEMENT; NYPD; ALBANY LAW ENFORCEMENT,<br><br>        Defendants. | 19-CV-10774 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. He alleges that the events giving rise to his claims occurred "[a]ll over the State of New York," during the past seven years. By order dated November 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Paul Utah filed a complaint and amended complaint in this action on the same date.[1] In the operative amended complaint, Plaintiff makes the following allegations:

> TD Bank They Put their own Eye there, Wells Fargo Banks They put their own eye there. Manipulated my with school staff/grades at ashford University, Stingray, Greyhound, that lived and walked around me, Aggr[a]vated Har[ass]ment, Intim[i]dations, Assisted Burglary, Illegal Tracking, Illegal Manipulations of Computer and technology and cellphone (NY STATE MENTAL HEALTH), Use of children, Use of Fire Department, Emt, New York Building, Stealing Business ideas, Use of Public Business, Manipulating and Tampering with Employees on because of me. Use of Military technology, Use of Brain Technology, Active and Retired Military, police Reserves, Manipulated and Tampered with my employment, Manipulated and Tampered with my sex life and dating. . . . Try to kill me softly. . . Chief of State Police knew about Brain Technology on me.

(Am. Compl., ECF No. 4, at 6.)

---

[1] Plaintiff has also filed numerous other actions within the past few days. *See Utah v. MTA Cooperation et al.*, ECF 1:19-CV-10671, 1 (S.D.N.Y. filed Nov. 18, 2019); *Utah v. Barnes and Noble*, ECF 1:19-CV-10734, 2 (S.D.N.Y. filed Nov. 19, 2019); *Utah v. TD Bank*, ECF 1:19-CV-10735, 2 (S.D.N.Y. Nov. 19, 2019).

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: November 27, 2019
       New York, New York

COLLEEN McMAHON
Chief United States District Judge